**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Kerry Rother**,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>**POAF2 Inc.**, an Arizona corporation; **Justin Erickson and Jane Doe Erickson**, a married couple; and **Wes Hansen and Jane Doe Hansen**,<br><br>　　　　　Defendants. | No.<br><br>**VERIFIED COMPLAINT** |

　　　　Plaintiff, Kerry Rother ("Plaintiff"), sues the Defendants, POAF2 Inc., Justin Erickson and Jane Doe Erickson, and Wes Hansen and Jane Doe Hansen ("Defendants" or "Pork on a Fork") and alleges as follows:

**PRELIMINARY STATEMENT**

　　　　1.　　This is an action for unpaid minimum wages and tips, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., unpaid minimum wages under the Arizona Minimum Wage Act

("AMWA"), Arizona Revised Statutes ("A.R.S.") § 23-362, et seq. and unpaid wages under the Arizona Wage Act ("AWA") A.R.S. § 23-350, et seq.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207. The FLSA's definition of the term "wage," in turn, recognizes that under certain circumstances, an employer of tipped employees may credit a portion of its employees' tips against its minimum wage obligation, a practice commonly referred to as taking a "tip credit."

3. On March 23, 2018, Congress enacted the Consolidated Appropriations Act, 2018 ("CAA"), which revised 29 U.S.C. § 203(m).

4. The CAA added a new paragraph to § 203(m) stating that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." Consolidated Appropriations Act, Pub. L. 115-141, 132 Stat. 348, Title XII, Sec. 1201(a) (March 23, 2018).

5. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage and tips in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

6. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the AMWA, A.R.S. § 23-362, et seq.

7. This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and minimum wages under the AMWA.

8. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

11. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

12. At all material times, Defendant POAF2 Inc. was a corporation duly licensed to transact business in the State of Arizona. At all material times, Defendant POAF2 Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

13. At all relevant times, Defendant POAF2 Inc. owned and operated as "Pork on a Fork," a restaurant doing business in the Phoenix Metropolitan Area.

14. Under the FLSA, Defendant POAF2 Inc. is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, POAF2 Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to Pork on a Fork's employees, Defendant POAF2 Inc. is subject to liability under the FLSA.

15. Defendants Justin Erickson and Jane Doe Erickson are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants Justin Erickson and Jane Doe Erickson are owners or managers of Pork on a Fork and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

16. Under the FLSA, Defendants Justin Erickson and Jane Doe Erickson are employers. The FLSA defines "employer" as any person who acts directly or indirectly

in the interest of an employer in relation to an employee.  At all relevant times, Defendants Justin Erickson and Jane Doe Erickson had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to Pork on a Fork's employees, Defendants Justin Erickson and Jane Doe Erickson are subject to individual liability under the FLSA.

17.   Defendants Wes Hansen and Jane Doe Hansen are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Defendants Wes Hansen and Jane Doe Hansen are owners or managers of Pork on a Fork and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

18.   Under the FLSA, Defendants Wes Hansen and Jane Doe Hansen are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Wes Hansen and Jane Doe Hansen had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to Pork on a Fork's employees, Defendants Wes Hansen and Jane Doe Hansen are subject to individual liability under the FLSA.

19. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

20. Defendants, and each of them, are sued in both their individual and corporate capacities.

21. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

22. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

23. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

24. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

25. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

26. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

27. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

28. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

29. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

30. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

31. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

32. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

33. Plaintiff, in his work for Defendants, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

34. Defendants own and/or operate as Pork on a Fark, an enterprise doing business in Maricopa County, Arizona.

35. Pork on a Fork is an enterprise that has multiple restaurants operating in the Phoenix Metropolitan Area.

36. In or around May 2022, Defendants hired Plaintiff to work for them as a server at their Chandler, Arizona, Pork on a Fork location, located at 1972 N. Alma School Rd., Chandler, AZ 85224.

37. Defendants' Chandler, Arizona, Pork on a Fork location opened in or about July 2022.

38. Defendants required Plaintiff to attend meetings on approximately a weekly basis between his hire date in or around May 2022 through the restaurant's opening date in or around July 2022.

39. Defendants did not pay Plaintiff any wages whatsoever for the time he spent attending such meetings.

40. At all relevant times, as a server, Plaintiff's primary job duties included customer service, running food, cleaning, and other various server-related duties.

41. In addition to serving dine-in guests, Plaintiff was required to handle and serve to-go orders for Defendants' customers.

42. In addition to serving dine-in guests who ordered their food and drinks directly from Plaintiff, Plaintiff was required to also serve dine-in and to-go guests who ordered on their cellular telephones using Defendants' QR code.

43. From the opening of Defendants' Chandler Pork on a Fork restaurant location, Plaintiff was compensated at an hourly rate of $9.50 in 2022 and $10.85 in 2023 on account of his receipt of tips.

44. At all relevant times, and throughout Plaintiff's time working for Defendants, Defendants engaged in the regular policy and practice of deducting approximately 40 percent of the tips Plaintiff earned serving dine-in guests.

45. For example, during the pay period of January 1, 2023, through January 15, 2023, Plaintiff earned $1,510.10 in credit card tips while working for Defendants as a server.

46. However, Defendants paid out only $901.67 in credit card tips to Plaintiff for that pay period.

47. For example, during the pay period of January 16, 2023, through January 31, 2023, Plaintiff earned $1,328.01 in credit card tips while working for Defendants as a server.

48. However, Defendants paid out only $797.09 in credit card tips to Plaintiff for

49. On information and belief, such tips were deducted directly by management and ownership and were not distributed to other employees such as in the case of a tip pooling arrangement, legitimate or otherwise. Instead, these tips went from Plaintiff – the person who earned them – directly to Defendants.

50. At all relevant times, and through Plaintiff's time working for Defendants, Defendants engaged in the regular policy and practice of taking 100 percent of the tips paid to Plaintiff by Defendants' customers for to-go orders.

51. On information and belief, such tips were taken directly by management and ownership and were not distributed to other employees such as in the case of a tip pooling arrangement, legitimate or otherwise. Instead, these tips were confiscated from Plaintiff – the person who earned them – and taken directly by Defendants.

52. At all relevant times, and through Plaintiff's time working for Defendants, Defendants engaged in the regular policy and practice of taking 100 percent of the tips paid to Plaintiff by Defendants' customers for QR Code orders.

-9-

53. On information and belief, such tips were taken directly by management and ownership and were not distributed to other employees such as in the case of a tip pooling arrangement, legitimate or otherwise. Instead, these tips were confiscated from Plaintiff – the person who earned them – and taken directly by Defendants.

54. Defendants violated the CAA and FLSA by not allowing Plaintiff to retain all the tips he earned, in violation of 29 U.S.C. § 203(m).

55. By not paying Plaintiff any wages whatsoever for the meetings Defendants required him to attend between when he was hired in or around May 2022 through the opening of the restaurant in or around July 2022, Defendants did not pay Plaintiff the applicable federal or Arizona minimum wage for such workweeks.

56. As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated 29 U.S.C. § 206(a).

57. As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

58. Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

59. Plaintiff is a covered employee within the meaning of the Arizona Minimum Wage Act.

60. At all relevant times, Plaintiff was a non-exempt employee.

61. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

62. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for hours Plaintiff worked.

63. Defendants wrongfully withheld tips from Plaintiff by taking tips from Plaintiff and giving them directly to themselves.

64. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

65. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, improperly taken tips, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

66. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

### COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY MINIMUM WAGE

67. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68. By not paying Plaintiff any wages whatsoever for the meetings Defendants required him to attend between when he was hired in or around May 2022 through the opening of the restaurant in or around July 2022, Defendants did not pay Plaintiff the applicable federal minimum wage for such workweeks.

69. As a result of Defendants' failure to pay Plaintiff any wage whatsoever for such time worked, Defendants failed and/or refused to pay Plaintiff the applicable minimum wage for all hours worked for such time, in violation of 29 U.S.C. § 206.

70. Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

71. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Kerry Rother, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

72. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

73. By not paying Plaintiff any wages whatsoever for the meetings Defendants required him to attend between when he was hired in or around May 2022 through the opening of the restaurant in or around July 2022, Defendants did not pay Plaintiff the applicable Arizona minimum wage for such workweeks.

74. As a result of Defendants' failure to pay Plaintiff any wage whatsoever for such time worked, Defendants failed and/or refused to pay Plaintiff the applicable minimum wage for all hours worked for such time, in violation of A.R.S. § 23-363.

75. Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, A.R.S. § 23-363.

76. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Kerry Rother, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendant violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## COUNT THREE: FLSA – MINIMUM WAGE IMPROPER TIP RETENTION

77. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

78. Defendants did not allow Plaintiff to retain all tips he earned, in violation of 29 U.S.C. § 203(m).

79. Defendants did not allow Plaintiff retain all tips he earned because they subjected Plaintiffs to Defendants' policy and practice of deducting 40 percent of all tips he earned while serving dine-in customers and redirecting such tips to Defendants. Such policy and practice resulted in Defendants retaining tips that their Plaintiff, a tipped employee, earned, in violation of 29 U.S.C. § 203(m) and the CAA.

80. Defendants did not allow Plaintiff retain all tips he earned because they subjected Plaintiffs to Defendants' policy and practice of deducting 100 percent of all tips

-14-

he earned while serving to-go customers and redirecting such tips to Defendants.  Such policy and practice resulted in Defendants retaining tips that their Plaintiff, a tipped employee, earned, in violation of 29 U.S.C. § 203(m) and the CAA.

81.     Defendants did not allow Plaintiff retain all tips he earned because they subjected Plaintiffs to Defendants' policy and practice of deducting 100 percent of all tips he earned while serving dine-in or to-go customers who used Defendants' QR Code to order their food and redirecting such tips to Defendants.  Such policy and practice resulted in Defendants retaining tips that their Plaintiff, a tipped employee, earned, in violation of 29 U.S.C. § 203(m) and the CAA.

82.     Defendants therefore failed and/or refused to allow Plaintiffs to retain all tips he earned according to the provisions of the FLSA for each and every workweek that they worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a) and the CAA.

83.     Plaintiff is therefore entitled to compensation for tips wrongfully retained, to be proven at trial, plus liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Kerry Rother, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B. For the Court to award Plaintiff damages for improperly withheld tips, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

### JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 28th day of February 2023.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Christopher J. Bendau
Clifford P. Bendau, II
*Attorneys for Plaintiff*

## VERIFICATION

Plaintiff, Kerry Rother, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, he believes them to be true.

_Kerry Rother (Feb 28, 2023 15:41 MST)_
Kerry Rother